FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ SEP 2 2020 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
**RUDY MENDOZA,**

        Plaintiff,

    -against-

**WARDEN D. EDGE; CAPTAIN J. WHITE;
LIEUTENANT REGINALD BARR; and
L PORTNOY, Special Investigative Services,**

        Defendants.
-----------------------------------------------------------------x

**MEMORANDUM AND ORDER**
20-cv-03032 (AMD) (SMG)

**ANN M. DONNELLY**, United States District Judge:

The plaintiff, who is currently incarcerated at the Metropolitan Detention Center ("MDC"), brings this *pro se* action alleging constitutional violations and seeking damages for injuries he allegedly sustained while in detention. The plaintiff's request to proceed *in forma pauperis* is granted. For the reasons discussed below, the claims against Captain J. White, Lieutenant Reginald Barr and L. Portnoy are dismissed for failure to state a claim. The action may proceed against Warden Edge. The plaintiff is directed to file an Amended Complaint within 60 days from the date of this order.

## BACKGROUND

The plaintiff alleges that he is being held in solitary confinement in the Special Housing Unit at the MDC and is precluded from joining the general prison population "for an indeterminate amount of time." (ECF No. 1 at 4.) He states that since his arrival on March 10, 2020, he has been denied access to the law library, his personal property, including legal papers, and commissary, telephone and visitation privileges, and to medical and dental care. (*Id.*)

The plaintiff asserts that he has attempted to use the prison grievance procedures but that MDC staff members have refused to give him the necessary forms. (ECF No. 1 at 4.)

1

The plaintiff alleges that MDC staff members assaulted him on April 28, 2020, while he was handcuffed and in ankle restraints. (ECF No. 1 at 5.) He states that he was restrained in a cell for more than 24 hours and subjected to continued physical abuse. (*Id.*) He claims that he suffered injuries to his face, head, chest, back, wrists and legs, including a fractured jaw and nose, and that he had blood in his urine for three days. (*Id.*) He alleges that the only treatment he received was application of ointments and bandages. (*Id.*)

The plaintiff also alleges that he could not send funds to family members because Warden Edge refused to authorize the withdrawal of funds from his prison trust account. (ECF No. 1 at 5.) The plaintiff claims that he tried to bring these concerns to the Warden's attention during the Warden's weekly rounds, but the Warden ignored him. (*Id.*) He asserts that Warden Edge, Captain J. White and other MDC staff members were motivated to violate his rights by personal and racial reasons, but he does not describe those motivations. (*Id.*)

The plaintiff seeks unspecified monetary damages, as well as injunctions removing the defendants from their posts and setting policy for the Bureau of Prisons related to "inmates under the same max custody status." (ECF No. 1 at 6.)

## STANDARD OF REVIEW

At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Because the plaintiff is *pro se*, I hold his complaint to a less stringent standard than pleadings drafted by a lawyer, and interpret it to raise the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*,

2

449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008).

Nevertheless, under 28 U.S.C. § 1915A, a district court must "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court must dismiss a prisoner's complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." *Id.*; *Liner v. Goord*, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under the PLRA, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory); *see also Tapia-Ortiz v. Winter*, 185 F.3d 8, 11 (2d Cir. 1999).

## DISCUSSION

Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Ostroski v. Town of Southhold*, 443 F. Supp. 2d 325, 335 (E.D.N.Y. 2006) (citing *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). The challenged conduct must (a) be attributable at least in part to action under the color of state law, and (b) deprive the plaintiff of a right guaranteed under the Constitution of the United States. *Id.* (citing *Snider v. Dylag*, 188 F.3d 51, 53 (2d Cir. 1999) (citation omitted)).

The plaintiff alleges that prison officials assaulted him, denied him adequate medical care and subjected him to unnecessarily harsh conditions of confinement. With the exception of Warden Edge, the plaintiff does not identify the individual defendants whom he believes to be responsible for his injuries. He alleges that he appealed directly to Warden Edge, but that the

3

Warden ignored him. He names three other officers at the MDC, but he does not specify what role they played in the alleged incidents or how each of them may have violated his constitutional rights.

The plaintiff asserts that prison officials' medical treatment was inadequate. In order to state a claim under the 14th Amendment—if the plaintiff was a pretrial detainee at the time—or the Eighth Amendment—if he was a convicted inmate—based on inadequate medical care, a prisoner must allege "deliberate indifference to [his] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). The deliberate indifference standard includes both objective and subjective components. *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011). The objective component requires that "the alleged deprivation . . . be sufficiently serious, in the sense that a condition of urgency, one that may produce death, degeneration, or extreme pain exists." *Hathaway v. Coughlin*, 99 F.3d 550, 554 (2d Cir. 1996) (internal quotation marks and citation omitted). The subjective component requires that the charged official knew that inmates faced "a substantial risk of serious harm" and consciously "disregard[ed] that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). "[D]eliberate indifference, in the context of a Fourteenth Amendment due process claim, can be shown by something akin to recklessness, and does not require proof of a malicious or callous state of mind." *Charles v. Orange County*, 925 F.3d 73, 86 (2d Cir. 2019); *Joseph v. NYC Dept. of Corrections*, No. 20-CV-1676, 2020 WL 2128860, at *5 (E.D.N.Y. May 5, 2020).

In this case, the plaintiff states that the only treatment he received was ointments and bandages. However, he does not adequately describe the extent of his injuries, the urgency of his need for treatment or any lasting harm he suffered.

4

In light of the plaintiff's *pro se* status, he is granted leave to amend his complaint to identify the officers who assaulted him or otherwise show that each of the named defendants was responsible for any action or omission in violation of his constitutional rights. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("If [a] liberal reading of the complaint gives any indication that a valid claim might be stated, the Court must give the plaintiff an opportunity to amend the complaint."). In order to state a claim for deliberate indifference to his medical needs, the plaintiff must allege facts about the seriousness of his injuries, the individual officials' knowledge of and deliberate indifference to his medical needs, and a worsening of his medical condition caused by the inadequacy of treatment.

## CONCLUSION

The plaintiff's motion to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915. In light of the plaintiff's *pro se* status, I grant him leave to file an amended complaint. The amended complaint shall be captioned "AMENDED COMPLAINT" and bear the same docket number as this order—20-cv-03032 (AMD) (SMG)—and must be filed within 60 days from the date of this Memorandum and Order. The amended complaint will replace the original complaint. That is, the amended complaint must stand on its own without reference to the original complaint. All of the allegations with regard to Warden Edge should also be included in the amended complaint. No summonses will issue at this time and all further proceedings will be stayed for 60 days or until the plaintiff files an amended complaint, whichever is earlier. If submitted, the amended complaint will be reviewed for sufficiency under 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B). If the plaintiff does not file an amended complaint within the time allowed, the complaint will only proceed as to Warden Edge.

I am not at this time ordering the Clerk of Court to prepare a summons against Warden Edge, or ordering the United States Marshals Service to serve the Summons and Complaint. This is to conserve the Court's resources in light of the current COVID-19 pandemic. I will direct both of those tasks after the deadline for the plaintiff to file an amended complaint.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

s/Ann M. Donnelly

_____
ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
September 2, 2020

6